Gerald W. ATKINSON, Plaintiff,

Susan A. Atkinson, Plaintiff-Appellant,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, etc. et al.,
Defendants-Appellees.

No. 79–1531.

United States Court of Appeals,
Fifth Circuit.

April 9, 1981.

Richard A. Lawrence, Montgomery, Ala.,
for plaintiff-appellant.

Smith, Bowman, Thagard, Crook & Cul-
pepper, Charles M. Crook, Montgomery,
Ala., for defendants-appellees.

ON PETITION FOR REHEARING

(Opinion Jan. 30, 1981, 5 Cir., 1981,
635 F.2d 508).

Before VANCE, HENDERSON and
THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, Susan A. Atkinson, on
petition for rehearing, urges that we recon-
sider our remand and that we direct the
district court to enter judgment in her be-
half. We decline because the district court
did not make a clear finding of fact that
Susan A. Atkinson was the owner and sole
source of the funds represented by the cer-
tificate of deposit. It is the duty of the
district court to determine whether there is
a factual dispute surrounding this issue, and
to resolve such issue if there is a dispute.

Shortly before our opinion in this case
was announced,[1] the Fifth Circuit decided a
case having related issues, *Haynes v. Bank
of Wedowee*, 634 F.2d 266, 1981. The effect
of the opinion in *Haynes* was to "approve"
the bank's setoff of approximately one-half
of the joint checking account to be applied
against the wife's debt. However, this
court's approval of the setoff was dictum.
Evidently, the wife did not assert the im-
propriety of the self-help remedy of setoff.
The issue simply was not presented to the
panel in that case. This is readily under-
standable in that in the typical case the
claimant to the jointly-owned funds which
are seized by a creditor is not the debtor.
In *Haynes*, Mrs. Haynes was the debtor,
and she did not raise the issue of ownership
of the joint account or the right of the bank
to set off an individual's indebtedness
against a joint bank deposit. Thus, we see

---

1. 635 F.2d 508 (5th Cir. 1981).

no conflict in the holdings of the two opinions.

The Petition for Rehearing is DENIED.